IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES L. BURGETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-0036-DGK-SSA |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

This lawsuit arises from *pro se* Plaintiff Charles L. Burgett's employment with Defendant Social Security Administration. Plaintiff alleges the agency discriminated and harassed him because of his race and sex, and also retaliated against him for participating in protected activity.

On September 26, 2022, the Court granted Defendant summary judgment on all claims. ECF No. 56. Now before the Court is Plaintiff's Motion for Reconsideration of Summary Judgment brought pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 58.

The motion is unavailing. Motions brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted); *see also Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 863 (8th Cir. 2011). They "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006). Nor may they be used to "relitigate old matters." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). A district court has "broad discretion" in determining whether to grant a Rule 59(e) motion. *Id.* at 413.

Here, Plaintiff contends the summary judgment order contains clear errors of law and fact because there are genuine issues of material fact in dispute and genuine issues as to the credibility of witnesses which preclude granting summary judgment. Plaintiff contends the Court overlooked, misapprehended, or blatantly ignored numerous relevant facts in the record, and then improperly made credibility determinations before wrongly concluding that Plaintiff had not established a prima facie case that should be decided by a jury.

After carefully reviewing the summary judgment order, the Court finds no errors of law or fact, much less any manifest errors of law or fact. Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Date:   October 26, 2022                  /s/ Greg Kays
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT